**Michael WALKER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 55189.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1989.

Application to Transfer Denied May 16, 1989.

Janis C. Good, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant pled guilty to seven counts of first degree robbery, seven counts of armed criminal action, one count of unlawful use of a weapon, and one count of first degree tampering. Prior to pleading guilty, movant made a detailed confession to all the crimes. He was identified by many of the victims, and acknowledged in open court that the facts detailed by the prosecutor were accurate.

The court accepted the state's recommendation of 20 year sentences on each of the robbery and armed criminal action counts, seven years on the tampering count and five years on the unlawful use of a weapon count. In accordance with the state's recommendation, the court ordered all sentences to run concurrently.

On appeal, movant's sole point is that "the motion court clearly erred in holding that [movant's] plea of guilty was voluntary, intelligent and knowing" because movant "based his plea on the understanding that he would be eligible for parole within three years...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

When the voluntariness of movant's plea is based on movant's contention that he was misled, "the test is whether movant's belief by which he claims to have been misled was reasonable." *Chapman v. State*, 641 S.W.2d 428, 429 (Mo.App.1982) (citations omitted). "A court may property examine the record of the guilty plea proceedings to determine whether it refutes his contention." *Id.*

Here, the record refutes any motion that movant could reasonably believe he would be eligible for parole after three years. Movant has a college degree in business administration. The court, after expressing reservations about the state's lenient recommendation, carefully inquired of movant to insure his plea was knowing and voluntary. The court correctly explained the minimum and maximum sentences for the offenses with which movant was charged. Nowhere in the transcript is any mention of parole; and given the tenor of the court's discussion with movant, any subjective understanding claimed by movant would be unreasonable.

The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.