STATE of Missouri, Respondent,

v.

Joe JOHNSON, Appellant.

Joe JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 45624.

Missouri Court of Appeals,
Western District.

Nov. 9, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

This is an appeal from a jury trial where the defendant was found guilty of robbery in the first degree and armed criminal action. This consolidated appeal was taken on the grounds: 1) the written and oral pronouncements of sentencing were inconsistent; 2) the trial court failed to call a mistrial during closing arguments; 3) the court denied Johnson's motion in limine regarding certain evidence; and, 4) the use of MAI–Cr3d 302.04 defining reasonable doubt.

There is no dispute of the sufficiency of the evidence. Johnson entered the City National Savings and Loan (City National) in Jefferson City and approached Ms. Ulstad at her teller window. After discovering he could not cash a check he left. A short time later Johnson returned to City National. Ms. Ulstad alerted two other employees of his return.

Johnson reentered the facility and flourishing a handgun told employee Frerking to put all the money into the grocery sack. Frerking did as she was told. He told her to put the money from the vault in the bag as well. Appellant told the employees he needed a ride out of town because he had bad feet. Frerking offered him her car keys.

While this was occurring, a customer, Mr. Washburn, entered City National. Johnson told the employees to carry on as usual. Ms. Ulstad helped the customer. As part of the transaction, Ms. Ulstad used "bait" money and tripped off the silent alarm. Johnson followed the customer out to his car. Johnson approached the car, pointed his gun at Washburn, and said, "Here's what we're going to do . . . ." Washburn jumped out of the car and ran back into City National.

Johnson ran into the nearby woods. Officer Banks responded to the call and noticed a man walking in a nearby subdivision who fit the suspect's description. Johnson dropped the paper bag he was carrying when he saw Banks. Officer Banks got out of his car and told Johnson to put his hands up. He then told Johnson to get on his stomach on the ground and spread out his arms. Johnson said, "Don't hurt me. You caught me." Johnson told the police he dropped the gun in the woods but that it was a toy gun so they did not need to retrieve it. When the police found the gun in the woods, they discovered it was not a toy.

As Johnson was being taken to the police car, he asked what kind of facility he had

robbed. He was told it was a savings and loan. Johnson asked if it was a federal crime to rob a savings and loan, stating that he did not want to go back into the state penitentiary. Johnson was subsequently identified by all three of City National employees and the customer.

Johnson was sentenced as a prior and persistent offender. The court orally pronounced sentence on him to two life terms. There was no mention by the court that the sentences were to run consecutively. Later, the docket sheets and the judgment reflect that the appellant's sentences are consecutive to one another and any term(s) that he may be serving. The judgment of conviction is affirmed, but the judgment is reversed as to the sentence and the case is remanded for re-sentencing.

 The first point is that the court erred when the sentence was reduced to writing because it was inconsistent with the oral pronouncement. When the oral pronouncement of Johnson's sentence was made, there was no mention that the sentences would run consecutive to one another. If the court fails to mention whether the sentences are to be consecutive or concurrent, the sentences are deemed concurrent. Rule 29.09. However, the court retains jurisdiction to modify a sentence until it is reduced to a written judgment, *State v. Johnson*, 861 S.W.2d 807, 809 (E.D.Mo.App. Eastern Dist. 1993); *State v. Bulloch*, 838 S.W.2d 510, 513 (Mo.App.1992) and until that time, it can call the defendant back for re-sentencing. *Johnson*, slip op. at 809. Here it is clear the defendant was not returned to the court for re-sentencing. Without the defendant being present, "the court had authority to enter only the multiple sentences as orally pronounced." *Bulloch*, 838 S.W.2d at 513. Furthermore, as this court has previously noted, a judgment "derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record." *State v. Williams*, 797 S.W.2d 734, 738 (Mo.App.1990). For that reason, the oral sentence controls, and the written judgement is erroneous. *Id.* This court has no other choice under the Rules and case law but to remand this matter to the trial court to enter a judgment consistent with the oral pronouncement.

 Johnson's second point is that the court erred by not calling a mistrial because of statements made by the prosecutor during closing argument. Where no objection is made at trial, nothing is preserved for appellate review and, therefore, review is based on plain error. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988) *cert. denied* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Plain error is when "the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected." *Id.* Relief based on plain error should rarely be given as to closing arguments. *Id.* This court holds that the statements made during closing arguments, including the statements "people don't go to prison voluntarily," and "people aren't dying to get into prison," do not cause manifest injustice to occur, especially in light of all the evidence of his guilt. Thus, the plain error standard was not met. Johnson's second point is denied.

 Johnson's third point is that the court erred in: (a) denying his motion in limine to exclude evidence of his statement to the police he did not want to return to the state penitentiary and overruling an untimely objection to the introduction of the evidence; or, (b) in the alternative, the court's denial of his Rule 29.15 motion regarding ineffective assistance of counsel because counsel failed to make a timely objection to this same testimony. The court has broad discretion in admission of evidence. *State v. Mouser*, 714 S.W.2d 851, 856 (Mo.App.1986). Johnson states that the evidence is inadmissible as evidence of prior criminal conduct, but this court notes that "voluntary statements made by a defendant which tend to incriminate and connect him with the crime and which *manifest consciousness of guilt* are admissible as admission against interest." *Id.* (emphasis added). Johnson's statement manifest a consciousness of guilt and, thus, it was not an abuse of discretion to admit it into evidence.

 Johnson alternatively alleges that the court erred in its denial of his Rule 29.15

motion regarding ineffective assistance of counsel because counsel failed to make a timely objection to this evidence. Review of a motion court's decision in a Rule 29.15 proceeding is limited to a determination of whether the findings of facts and conclusions of law are clearly erroneous. *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992), *cert. denied* —— U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); Rule 29.15.

 In order to show ineffective assistance of counsel, the movant must show: 1) that his attorney failed to conform to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances; and, 2) such failure resulted in prejudice to appellant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove prejudice from counsel's conduct, it must be shown "that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. Johnson asserts ineffective assistance of counsel based on his trial counsel's failure to object to the admittance of evidence of a statement Johnson made to the police which indicated guilt. Generally, "decisions concerning whether or when to make objections at trial are left to the judgment of counsel." *Lewis v. State*, 767 S.W.2d 49 (Mo.App.1989) (citing *Coleman v. State*, 621 S.W.2d 357, 360 (Mo.App.1981)). Appellate courts will not review or reassess the judgment of trial counsel on questions of strategy, trial tactics or trial decisions. *Green v. State*, 575 S.W.2d 868, 869 (Mo.App.1978). This court need not determine whether the counsel's performance was deficient before examining whether prejudice was suffered by the appellant due to the alleged error. *Washington*, 466 U.S. at 697, 104 S.Ct. at 2069. The record indicates that Johnson had effective counsel at trial. The third point on appeal is denied.

 The final point is the trial court's submission of jury instruction MAI–Cr3rd 302.04, defining proof beyond a reasonable doubt as that which leaves one "firmly convinced." Supreme Court has held the reasonable doubt instruction to be appropriate and that it does not improperly lower the state's burden of proof. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993), *reaff'g State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987). The Appellant's fourth point is denied.

The judgments of conviction are affirmed, but the judgment as to sentence is reversed and the case is remanded for a judgment of sentence to be entered showing the two convictions are to be concurrent.

All concur.