George L. VERNOR, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 66136.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We reverse and remand.

Movant was charged by information in lieu of indictment with Count I—assault in the first degree, § 565.050, RSMo 1986; Count II—armed criminal action, § 571.015.1, RSMo 1986; and Count III—stealing, third offense, § 570.040, RSMo 1986. Additionally, the information alleged movant was a class X offender, § 558.019, RSMo Supp. 1993.

In exchange for movant's plea of guilty to Counts I and II, the state agreed to *nolle prosse* Count III and to recommend sentences of fourteen years imprisonment on Count I and three years on Count II, to be served concurrently and concurrently with

sentences being served as a result of his revoked parole. As part of the plea bargain, the state also recommended movant be credited with all jail time served since the date of his arrest. After the plea-hearing examination, the court found movant's plea to be voluntary, and the court accepted the plea of guilty. He was sentenced in accordance with the state's recommendation.

Movant filed a *pro se* motion for Rule 24.035 post-conviction relief, and an amended motion was filed by appointed counsel. Rule 24.035 relief was denied without an evidentiary hearing.

Movant's principal point on appeal is that the motion court erred in not granting an evidentiary hearing on his claim that his plea was involuntary and unknowing in that he was under a mistaken belief he would receive credit on these sentences for the time served pending trial. Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Barnes v. State,* 826 S.W.2d 74, 75 (Mo.App.1992). Such findings and conclusions are deemed clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* In order to be entitled to an evidentiary hearing, (1) movant must cite facts, not conclusions, which, if true, would entitle him to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice movant. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

When the voluntariness of movant's plea is based on movant's contention that he was misled, the test is whether movant's belief by which he claims to have been misled was reasonable. *Walker v. State,* 768 S.W.2d 173, 174 (Mo.App.1989). A court may properly examine the record of the guilty plea proceedings to determine whether it refutes the contention. *Id.*

Initially, we note that during the plea hearing movant admitted all the facts, as described by the prosecutor, constituting the crimes charged. The plea transcript shows that movant fully understood the charges against him. He acknowledged he understood the state's recommendation, that he had talked it over with his counsel and that he liked the bargain he was getting. He said he "under[stood] perfectly" what was happening. He discussed the case completely with his lawyer, and they had discussed all defenses. Movant agreed his lawyer had done everything he had asked and that the evidence was so strong he had no viable defenses. Movant expressed satisfaction with the performance of his counsel.

In movant's *pro se* motion, he alluded to the issue of being credited time served. In the amended motion, movant alleged his plea was involuntary because he mistakenly believed he would be credited with some 400 days on the sentences subject to this appeal for time served awaiting trial. The motion court dismissed this allegation stating:

> Movant claims in his post-conviction relief motion that his guilty plea was involuntary because he did not receive credit for over four hundred days of jail time served. "Rule 24.035 motions cannot include claims of credit for time served." *Murphy v. State,* No. 76394 [873 S.W.2d 231] (Mo. banc March 22, 1994).

The basis of movant's allegation was misperceived by the motion court. The movant was not seeking credit for time served. He was asserting that his plea was involuntary due to his mistaken belief that he would be credited with time served.

At the plea hearing, the following exchange occurred in open court:

THE COURT: All right. The recommendation.

[The Prosecutor]: The State's recommendation is the [movant] be sentenced to fourteen (14) years on the assault first degree and a concurrent three (3) years on the armed criminal action count, and he'll proven up as a Class X offender, if you would like to do that now or if you would like to wait until the sentencing portion.

[Defense Counsel]: Well, Your Honor, if I could just add for the record that recommendation is to be served concurrently with a revoked parole that [movant] is serving currently and also, of course, the

stealing third offense is being dismissed, and he's receiving credit for all of his jail time from the date of arrest where he has been continuously in custody since the day of the incident.

[The Prosecutor]: That's all correct. That's all part of the plea negotiations.

When the court sentenced movant, the following was added:

THE COURT: These are to be served concurrent to the sentence that the [movant] is presently serving from St. Louis County Circuit Court, No. 539720. The [movant] shall receive credit for jail time since his confinement. Is that on September 30th, 1992?

[Defense Counsel]: May 30th, Your Honor. He was arrested at the scene and has not been out of custody since that date, Your Honor.

THE COURT: All right. May 30th....

Finally, the sentence signed by the court stated:

Defendant is sentenced to serve a term of imprisonment of 14 (years) in the custody of Department of Corrections for the offense of Assault 1st degree, a Class B (felony) and a (concurrent) term of imprisonment of 3 (years) for the offense of Armed Criminal Action a Class A (felony) to be served concurrently to the sentence the defendant is presently serving from St. Louis County Circuit Court (# 539720). *Defendant shall receive credit for jail time awaiting trial and sentencing pursuant to § 558.031 RSMo since his confinement on 5–30–92 until today.* (Emphasis added).[1]

Section 558.031, RSMo 1994, governs the crediting of time served while awaiting trial. *See Murphy v. State,* 873 S.W.2d 231, 232 (Mo. banc 1994). This section has been construed to not allow credit on a sentence for time served awaiting trial for that sentence where the time served was also related to confinement for a revoked parole. *See Davis v. State,* 829 S.W.2d 610, 611 (Mo.App.1992); *Viers v. State,* 755 S.W.2d 617, 618 (Mo.App.

1988); *Scott v. State,* 770 S.W.2d 269, 272 (Mo.App.1989).

Based on the record before us, we conclude movant's claim as to the involuntariness of his plea due to a mistaken belief is not refuted by the record. The denial of movant's motion on this issue must be reversed and remanded to the motion court for an evidentiary hearing.

Movant has two other points on appeal wherein he contends the motion court erred in failing to grant an evidentiary hearing. We have reviewed the record and concluded the motion court's determinations on these points are not clearly erroneous.

Thus, we reverse and remand to the motion court for an evidentiary hearing on the issue of movant's alleged mistaken belief alone. We affirm in all other respects. *See Payne v. State,* 864 S.W.2d 17, 19 (Mo.App. E.D.1993).

Reversed and remanded.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

1. Movant had attached several of his prior motions to his *pro se* motion. These motions included assertions of his being delivered to the Department of Corrections on October 19, 1992, for a conditional release violation. These motions also alleged movant was held prior to October 19, 1992, for 126 days in which no charges were pending against him nor had his parole/conditional release been revoked.