Vera L. JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 67175.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1995.

Application to Transfer Denied
Dec. 19, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals the denial, without an evidentiary hearing, of her Rule 24.035 motion for post-conviction relief after she pled guilty to stealing, third offense. The court sentenced her to a prison term of seven years in accord with a guilty plea agreement. We reverse and remand.

On March 21, 1994, movant pled guilty to one count of Stealing Third Offense, § 570.040 RSMo 1986. Immediately thereafter, the trial court conducted a hearing to determine the voluntariness of movant's plea. During the hearing, the following exchange occurred:

THE COURT: Mrs. Jones, you've heard your attorney just enter in your behalf a plea of guilty to the charge of Stealing Third Offense, a Class C felony, and a plea of guilty to the charge that you are in fact a Persistent Offender. Did you give her permission to do that, ma'am?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: And in Count II the State has charged that you're a Persistent Offender in that you have pled guilty or been found guilty of at least two or more felonies committed at different times. . . .

Those three prior felony convictions that they allege that you have previously pled guilty to, did you in fact plead guilty to those charges, ma'am, in the City Circuit Court?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Mr. Rich [the prosecutor], what is the range of punishment on this charge?

MR. RICH: Up to twenty years in the Missouri Department of Corrections, and she is pled as a Persistent Offender.

THE COURT: Do you understand that was the range of punishment, ma'am? Based on the fact that you have been pled up and you've admitted to being a Persistent Offender, that the range went up to twenty years?

That's not what they're recommending, but that's the range?

THE DEFENDANT: Yes.

. . . .

THE COURT: Okay. Court finds that the defendant is in fact a Persistent Offender as defined in Section 558.016.3; I find there's a factual basis upon which to accept the defendant's plea of guilty; I find the plea is made knowingly and voluntarily, and I do accept the plea of guilty.

After finding defendant to be a persistent offender, the court continued as follows:

THE COURT: Okay. On your plea of guilty to the charge of Stealing Third Offense, Class C felony, I am going to sentence you to serve seven years in the custody of the Missouri Department of Corrections.

The trial court did not mention movant's persistent offender status during the oral pronouncement of sentence or the subsequent examination concerning the assistance of counsel received by movant. However, the subsequent written sentence and judgment designated movant as a persistent offender pursuant to § 558.016 RSMo 1994. On May 3, 1994, movant filed a *pro se* Rule 24.035 motion for post-conviction relief. In the motion amended by court-appointed counsel, filed July 11, 1994, movant alleged the trial court erred in designating movant as a persistent offender in the written sentence and judgment because the oral pronouncement of sentence contained no such designation. The motion court denied this claim and found no material discrepancy existed between the oral and written sentences.

Movant alleges the motion court erred in denying her claim of a material discrepancy between the trial court's oral pronouncement of sentence and the subsequent written sentence. Because this point of error is dispositive, we do not address defendant's second point.

▪ Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App.E.D.1995). Such findings and conclusions are deemed clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* In order to be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which, if true, would entitle him to relief; the factual allegations must not be refuted by the record; and, the matters complained of must prejudice movant. *Id.*

▪ The disputed issue in this case is controlled by our case, *McCaine v. State*, 891 S.W.2d 419 (Mo.App.E.D.1994).[1] *McCaine* relied on *State v. Johnson*, 864 S.W.2d 449, 451 (Mo.App.W.D.1993) which decided a similar issue. Generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before defendant. *McCaine*, 891 S.W.2d at 420. However, a trial court may amend its oral pronouncement of sentence before it is reduced to writing, but only if defendant is present. *Id.* The oral sentence controls if there is a discrepancy with the subsequent

1. The State would have us reject or restrict the ruling of *McCaine*. We cannot; however, the motion court's action is understandable. Movant entered her guilty plea on March 21, 1994. We initially issued *McCaine* on June 7, 1994, and movant filed her amended motion, which relied on *McCaine*, on July 11, 1994. On September 20, 1994, *McCaine* was transferred to the Mis-

souri Supreme Court. The motion court issued its findings on September 27, 1994, seven days following *McCaine's* transfer. After hearing oral arguments, the Missouri Supreme Court retransferred the case to our court on January 24, 1994, and we reissued the original opinion on February 16, 1995.

written judgment. *State v. Johnson*, 864 S.W.2d at 451. However, if any discrepancy between the oral and written sentence is not material, then no error has occurred even if the defendant is not present. *Id.*

 Here, movant was not present for any amendment of the oral pronouncement. Therefore, the trial court had authority only to enter that sentence orally pronounced. The State contends no discrepancy exists between the two sentences because the guilty plea transcript as a whole indicates the trial court intended to sentence movant as a persistent offender. We disagree, one contains a provision not contained in the other. Although the trial court initially found movant to be a persistent offender and discussed the persistent offender status with her during the guilty plea hearing, it made no mention of sentencing movant as a persistent offender during formal pronouncement of the sentence, which is the controlling portion of the transcript. Therefore, a discrepancy does exist between the oral pronouncement of sentence and the court's written sentence and judgment.

 Movant asserts the discrepancy is material because § 558.041 RSMo Supp.1992, forbids persistent offenders from receiving credit on their sentences for "good time" served.[2] In *McCaine*, the trial court failed to designate the defendant as a Class X offender in the oral pronouncement of sentence but included the status in the written sentence and judgment. *McCaine*, 891 S.W.2d at 420. On appeal, this court stated: "Changing defendant's sentence to include a requirement he serve a minimum term of 80% of his sentence as a Class X offender is a material change in his sentence." *Id.* Thus, the change was material. The trial court erred in finding that the discrepancy between the oral pronouncement of sentence and the written sentence and judgment was not material.

We reverse its decision and remand with directions that the court resentence defendant in accord with her plea agreement and the testimony offered at the guilty plea hearing.[3]

REINHARD, P.J., and WHITE, J., concur.

---

2. Rule 24.035 motions cannot include claims of credit for time served. *Vernor*, 894 S.W.2d at 210. Here, movant does not seek credit for "good time" served. Rather, she uses the "good time" credit provision to show the materiality of the discrepancy between the oral and written sentences.

3. Neither *McCaine* nor *Johnson* recognized resentencing as the appropriate remedy on appeal. However, neither involved a sentencing in accord with a plea agreement.