**Everlee HICKS, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 69022.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1996.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

On August 30, 1994, movant entered an *Alford*[1] plea to possession of a controlled substance in a correctional institution, § 217.360, RSMo Supp.1992. The prosecutor stated that the evidence would have shown that on October 10, 1993, a correctional officer strip-searched movant following movant's meeting with a visitor and discovered three balloons containing marijuana. Pursuant to the terms of a plea agreement, the court sentenced movant to a prison term of three years to run consecutively with the sentence movant was currently serving.

Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App.E.D.1995). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Vernor*, 894 S.W.2d at 210. In order to be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which, if true, would entitle him to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice movant. *Id.* When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made. *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App.1991).

On appeal, movant alleges his plea was involuntary because his counsel failed to request a change of venue after telling movant he could not receive a fair trial in St. Francois County.

Movant alleged in his amended motion:

As a result [of counsel's failure to obtain a change of venue], movant's plea was unknowing and unintelligent, and therefore involuntary.... Rule 32.03 mandates that "a change of venue shall be ordered in any criminal proceeding pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application ... by the defendant." Movant was originally charged in St. Francois County, a county of less than seventy-five thousand.... Movant contends that his plea was unknowing and involuntary because he reasonably believed that he could not get a fair trial in St. Francois County. [1] St. Francois County is the same county in which movant is and has been incarcerated. [2] In addition, movant is African American and the entire jury by which he would have been tried, was all white. [3] Movant contends that counsel informed him that he, as an African American, could not get a fair trial in St. Francois County.

The motion court denied movant's motion without an evidentiary hearing for "failure to state facts and lack of prejudice."

To determine whether the motion court properly denied, without an evidentiary hearing, movant's claim regarding counsel's failure to request a change of venue, we will examine each of movant's allegations relating to that assertion. Movant's first allegation is conclusory; the fact that St. Francois County was the site of his incarceration does not inherently prejudice movant. With regard to movant's second allegation, we agree with the motion court's finding that movant "failed to allege any facts showing prejudice of the jury panel, improper selection or any matter even suggesting prejudice to him." Movant's third allegation, that his counsel induced him to plead guilty by telling him that he could not get a fair trial in St. Francois County, contains sufficient facts to

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

warrant an evidentiary hearing. If counsel was aware of circumstances at a time when a timely change of venue could have been taken and failed to consider such a change of venue, the inducement may have rendered the plea involuntary. We believe movant's allegation, however broad, is sufficient to warrant an evidentiary hearing on this issue. Thus, we remand to the trial court for an evidentiary hearing on movant's assertion that defense counsel advised him that he could not get a fair trial in St. Francois County.

We reverse and remand.

KAROHL and GRIMM, JJ., concur.