### Clementine JONES, Movant/Appellant,

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 68909.

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 24, 1996.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the motion court's denial, without an evidentiary hearing, of her Rule 24.035 motion for post-conviction relief. We reverse and remand for resentencing in accordance with the plea bargain.

Movant's sole point on appeal relates to what she asserts was a material discrepancy between the sentence orally pronounced by the court at the guilty plea hearing and the sentence and judgment as reduced to writing:

> The motion court clearly erred in denying [movant's] motion to correct written judgment to remove [her] designation as a persistent Class X offender pursuant to [§ ] 558.016, RSMo. [Supp.1993][1] and [§ ] 558.019 ... since the court made no mention of convicting [movant] as a persistent offender or the appropriate section of the Missouri Constitution when imposing her sentence. The Court[']s assertion that adding the persistent offender thus violating [movant's] rights to be present as guaranteed by [§§ ] 546.550 and 546.570 RSMo. [1986]. In Rule 29.07 in the due process guarantee of those rights required that the persistent and class X offender provision be stricken.

On January 24, 1995, movant entered pleas of guilty to two counts (Counts I and III) of second degree murder, § 565.021, RSMo 1986, two counts (Counts II and IV) of armed criminal action, § 571.015, RSMo 1986, and one count (Count V) of possession of a controlled substance, § 195.202. The record reveals that, in accordance with the plea agreement, the murder charges were changed from first to second degree. The state detailed what the evidence would have shown had the case gone to trial, and movant indicated the state's narration was correct.[2] In

1. All statutory citations are RSMo Supp.1993, unless otherwise noted.

2. That narration stated that movant had shot and killed Kenny Hall and Gregory Pernell in her apartment building on March 2, 1994. She was discovered to have been in possession of cocaine on that same date. The state asserted that movant made a statement to the police in which she said she had shot Hall, "who came to her door at about eight o'clock in the morning ... because at that time after being up most of the day and night before, that she was tired and didn't want

addition, the prosecutor stated that the state "would prove [movant] is both [sic] a prior and persistent and Class X[sic][3] offender subject to minimum term sentencing by the felonies that are pled and that [movant] has already been asked about." The state also noted that as part of the plea agreement, movant "would have to admit that priors pled were in fact hers." The state listed three prior guilty pleas movant had entered. Movant was then informed of the range of punishment,[4] and told that pursuant to the plea bargain the state's recommended sentence was concurrent terms of thirty years on Counts I through IV and seven years on Count V. Movant stated she understood the range of punishment and the state's recommendation.

The court accepted movant's pleas after assuring itself that they were knowing and voluntary. It made a finding that she was a prior and persistent offender punishable by an enhanced term under §§ 558.016 and 557.036.4, and further found movant "ha[d] three or more felony convictions under [§ ] 558.019." The court thereafter sentenced movant to concurrent terms of thirty years on Counts I through IV and seven years on Count V, but made no mention of movant's § 558.016 or § 558.019 status. On the same day as the plea hearing, the court reduced the sentence and judgment to writing, designating movant a prior and persistent offender subject to an extended term under § 558.016 and a class X offender (sic) subject to a minimum prison term under § 558.019.

■■■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly

erroneous. *McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App. E.D.1995); Rule 24.035(j).

Generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before [the] defendant. *McCaine [v. State]*, 891 S.W.2d [419, 420 (Mo.App. E.D.1994)]. However, a trial court may amend its oral pronouncement of sentence before it is reduced to writing, but only if [the] defendant is present. *Id.* The oral sentence controls if there is a discrepancy with the subsequent written judgment. *State v. Johnson*, 864 S.W.2d [449, 451 (Mo.App. W.D.1993)]. However, if any discrepancy between the oral and written sentence is not material, then no error has occurred even if the defendant is not present. *Id. Jones v. State*, 910 S.W.2d 300, 302–03 (Mo. App. E.D.1995)(footnote omitted). In *Jones*, which controls here, the plea-hearing court initially found the movant to be a § 558.016 persistent offender (and discussed that status with her during the plea-hearing), but made no mention of her § 558.016 status in the formal pronouncement of sentence.[5] *Id.* at 303. The subsequent sentence and judgment as reduced to writing, however, designated movant a § 556.016 persistent offender. *Id.* We held this constituted a material discrepancy between the oral pronouncement of sentence and the written sentence and judgment, and remanded for resentencing in accordance with the plea bargain. *See id.* at 303 & n. 3 (remand for resentencing is the appropriate remedy where there is a material discrepancy between the oral and written sentence and sentencing was in accordance with a plea bargain).

---

to be bothered by him and shot him there at her door."

**3.** The 1993 amendment of § 558.019 (the minimum prison term statute) eliminated from the statute the terms "prior offender", "persistent offender" and "class X offender", respectively substituting "has one prior felony conviction", "has two prior felony convictions committed at different times", and "has three or more prior felony convictions committed at different times". *See* 1993 Mo. Laws 1498, 1501, C.C.S.H.C.S.H.B. 562.

**4.** Movant was told the range of punishment was up to twenty years on the controlled substance possession count. The possession of the con-

trolled substance here is a Class C felony. § 195.202.2. Section 558.011.1(3) states a class C felony's authorized term of imprisonment is "a term of years not to exceed seven years." For a persistent offender pursuant to § 558.016, however, the total authorized maximum term of imprisonment for a class C felony is "a term of years not to exceed twenty years". § 558.016.7(3).

**5.** The formal pronouncement of sentence is the "controlling portion" of the guilty-plea transcript. *Jones*, 910 S.W.2d at 303.

There is no meaningful distinction between the facts of this case and those of *Jones* with respect to movant's § 558.016 sentencing status. Thus, a remand for resentencing in accordance with the plea bargain is required on that status.

■ Movant is entitled to no relief, however, on her allegation regarding her § 558.019 sentencing status. She was expressly informed immediately after the oral pronouncement of sentence that she would have to serve 80% of her sentence pursuant to the minimum term provisions of § 558.019.[6] As noted previously, the trial court may amend its oral pronouncement of sentence before it is reduced to writing if the defendant is present. *McCaine,* 891 S.W.2d at 420. In *Jones,* the remand was required because "[t]he [plea-hearing] court did not mention movant's persistent offender status during the oral pronouncement of sentence *or the subsequent examination concerning the assistance of counsel received by movant." Jones,* 910 S.W.2d at 302 (emphasis added).[7]

We reverse and remand for resentencing in accordance with this opinion.

KAROHL and GRIMM, JJ., concur.

---

6. The following exchange occurred immediately after the formal pronouncement of sentence:

[Movant's Counsel]: Judge, at this point I would request that the Court make a finding that [movant] is not subject to serving 80 percent of her sentence as I believe she should get the benefit of the new sentencing laws as provided for by Section 558.019. [Movant] has only had one prior remand to the Department of Corrections which would make her subject to a 40 percent minimum term rather than 80 percent. I believe in order to make her subject to an 80 percent she would need three prior remands to the Department of Corrections and not three prior convictions.

THE COURT: Counsel's request is noted; however, the statute states that it is for offenses occurring after August of '94. This offense having been committed March 2nd, '94, I believe the [movant] falls under the old sentencing act. So her remedy is to go through the Department of Corrections at the time of parole. At this time I rule that she falls under the old statute which would require with three prior convictions, 80 percent, having one remand to the Department of Corrections.

7. Movant's sentence on the controlled substance count is not, however, subject to the minimum term provisions of § 558.019. *See* § 558.019.2.