**Randy STARKS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68730.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1996.

S. Paige Canfield, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Starks appeals the motion court's denial of his post conviction motion pursuant to Rule 24.035, without an evidentiary hearing. We affirm.

Starks pled guilty to three charges. Counts I and II charged murder in the second degree, a class A felony, § 565.021.1 RSMo 1986 and an associated deadly weapon charge, § 571.015 RSMo 1986. Count III charged burglary in the first degree, a class B felony, § 569.160 RSMo 1986.

In accord with a plea bargain, the state recommended sentences of twenty-five years on Count I, three years on Count II, and

fifteen years on Count III, to run concurrently. Starks admitted he unlawfully entered the premises at 5560 Acme, St. Louis, on December 16, 1992, to commit an assault. He stabbed Marvin Wallace who died from his wounds. The court sentenced Starks in accord with the plea bargain. Starks subsequently filed a Rule 24.035 motion which was denied without an evidentiary hearing.

Starks now argues the motion court erred in denying relief without an evidentiary hearing because his pleas were coerced after his attorney failed to investigate two witnesses, one of whom would support a defense and the other contradict a prosecution witness. He argues his counsel "simply urged movant to plead guilty without having properly prepared the case for trial."

We review according to Rule 24.035(j) and *Vernor v. State,* 894 S.W.2d 209, 210 (Mo. App.E.D.1995).

■ In his Rule 24.035 motion, Starks alleges his counsel was ineffective for failure to prepare his case for trial, specifically to have witnesses, Priscilla Watson and Evelyn Gates available for trial. Starks alleged Watson would have contradicted state's witness Mia Wallace, who testified her father was sleeping when Starks came in, because Mia had told Watson her father was watching T.V. This testimony of the "missing witness" would not provide Starks with a defense. It described Marvin Wallace's activity before he was stabbed. Furthermore, defendant admitted he stabbed Wallace. There is no allegation of prejudice and we see none in a guilty plea case.

Starks alleged Evelyn Gates would have testified she was walking with Starks a few days before the murder and saw Mia Wallace hiding from Starks in a gangway threatening him by saying, "you're dead." Starks also contends:

> Gates would also have said that she saw Wallace's father, the alleged victim, rush out of a door with a shotgun and threaten to kill movant. Such testimony would have strengthened movant's defense that Wallace and her father, using movant's children, had lured movant to their house in order to harm movant, and that movant then acted in self-defense.

■ The motion court found Starks' plea was voluntary. That finding is supported by movant's testimony at the plea hearing. Originally, he had no complaints about his attorney's performance. He later testified he felt his case was inadequately investigated. In response, his attorney detailed his investigation. Movant then responded he was satisfied. Thus, Starks' allegations are refuted by his own plea testimony. The motion court also relied, in part, on the sentencing transcript. Starks did not provide a sentencing transcript for our review. The motion court's findings and conclusions are not clearly erroneous.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.