**George L. VERNOR, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 68429.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David C. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals motion court's denial of Rule 24.035 relief from sentences on guilty pleas to charges of assault and armed criminal action without an evidentiary hearing. He argues he is entitled to an evidentiary hearing to allow proof his pleas were not voluntary because he was informed and mistakenly believed he would receive 400 days jail time credit, rather than 370 days. We affirm.

Movant previously appealed the same issue. *Vernor v. State,* 894 S.W.2d 209 (Mo. App. E.D.1995). In *Vernor I* we reversed and remanded. *Id.* at 211. We ordered an "evidentiary hearing on the issue of movant's alleged mistaken belief alone." *Id.* On remand the motion court held a conference with attorneys for movant and for the state. The conference was held on the appointed day for the evidentiary hearing. Movant and the state were represented by counsel. The state offered an exhibit which was received in evidence. The court announced it would take the matter as submitted and issue findings of fact and conclusions of law. This announcement was approved by counsel for both sides when they executed a memorandum consistent with the announcement. On April 10, 1995, the court made findings of fact and conclusions of law and denied relief. The first finding of fact included, "On March 30, 1995, the court held a hearing on the issue of movant's sentence."

The issue with regard to movant's sentence was discussed in *Vernor I.* The

question was whether movant was entitled to receive 400 days credit on his sentences in exchange for his guilty pleas or 370 days credit, beginning on the date of arrest and followed by continuous confinement to the date of sentencing. During the plea hearing, the response of movant's counsel to the state's recommendation included a confirmation that defendant was "receiving credit for all of his jail time from the date of arrest where he has been continuously in custody since the date of the incident." The court imposed sentences in accord with the plea bargain and said, "The defendant shall receive credit for jail time since his confinement. Is that on September 30th, 1992?" The response by movant's counsel was, "May 30th, Your Honor." To this the court responded, "All right. May 30th." The exhibit filed by the state on March 30, 1995, confirmed the accuracy of the dates recorded at the plea hearing and incorporated in the sentence.

On these facts we find no error. Rule 24.035(k). The order denying relief is affirmed.

REINHARD, P.J., and GRIMM, J., concur.