**STATE of Missouri, Plaintiff/Respondent,**

v.

**Michael J. YOUNG, Defendant/Appellant.**

**No. 72628.**

Missouri Court of Appeals,
Eastern District,
Division Five.

. June 16, 1998.

one count of tampering in violation of section 569.080. The trial court orally pronounced that Defendant would serve concurrent sentences of twenty years imprisonment on the burglary charge and fifteen years each on the stealing and tampering charges but later entered its written judgment indicating the sentences would be consecutive to his sentences in two other cases. Defendant appeals, alleging three points of error. We affirm the judgments of conviction and reverse and remand for resentencing with directions.

The sufficiency of the evidence is not disputed. The evidence viewed in the light most favorable to the verdict is as follows. On the evening of May 29, 1996, Defendant and his friend drove to the home of Mary and Joseph McDaniel ("Victims") in St. Charles, intending to burglarize them. Defendant and his cohort drove off after Victims' neighbor stepped outside and saw their car.

In the early morning hours of May 30th, Defendant and his friend returned to Victims' home. This time, they entered the house by breaking a basement window. Defendant entered the bedroom while Victims slept and stole approximately two thousand dollars of cash and property.

When Defendant exited the house, he discovered his friend had already left with their getaway car. Defendant, undaunted, reentered Victims' home and took the keys to their truck. Defendant drove the truck to a nearby school. He then left the truck and ran with the stolen items to his friend's home.

On June 8, 1996, Defendant met with St. Charles police officers and confessed to these crimes.

In his first point, Defendant maintains that the trial court plainly erred by indicating in its written judgment that Defendant's sentence was to be served consecutively to his sentences from two other cases because the court did not so indicate at the oral pronouncement of sentence. The State concedes the merit of this point in its brief.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Chief Judge.

Michael Young ("Defendant") was convicted of one count of burglary, in violation of section 569.160 RSMo 1994,[1] one count of stealing in violation of section 570.030, and

---

1. All further statutory references are to RSMo. 1994.

■ A sentence is presumed by operation of law to run concurrently with any previous sentence unless the court specifically provides otherwise in pronouncing sentence in a defendant's presence. *Drennen v. State,* 906 S.W.2d 880, 881 (Mo.App.1995); Rule 29.09. Although the court retains jurisdiction to modify the sentence until it is reduced to a written judgment, a modification must be made in the defendant's presence. *Drennen,* 906 S.W.2d at 881. In the present case, no modification appears to have been attempted. The written judgment simply differs from the oral pronouncement.

■ Because a judgment derives its force from the rendition of the court's judicial act and not from the ministerial act of its entry upon the record, an oral sentence generally controls over an inconsistent writing. *State v. Johnson,* 864 S.W.2d 449, 451 (Mo. App.1993). In the present case, the record shows and both parties agree the oral sentence differed materially from the written sentence. The remedy is remand for entry of a corrected sentence and judgment consistent with the oral pronouncement. *See Johnson,* 864 S.W.2d at 452.

■ In his second point, Defendant claims the trial court plainly erred by failing to, *sua sponte,* declare a mistrial when a police officer offered his opinion of Defendant's guilt. Defendant confessed to the crimes for which he was tried and does not dispute the legality or admissibility of his confession. Under such circumstances, we find no manifest injustice or miscarriage of justice. Point denied.

■ In his final point, Defendant alleges the trial court erred in overruling his objection to hearsay statements made by Detective Copeland. Detective Copeland testified that Victims' neighbor Ralph Wood said he saw a white car parked in front of Victims' home around eleven o'clock on the evening of May 29 th and that the car sped away with its lights off when Wood opened his door. The State argues neighbor's statement was not offered for its truth, only to explain its effect on the detective's investigation.

Regardless of whether neighbor's statement was hearsay, admission of this testimony would at best be harmless error. In his confession, Defendant himself stated that his car was at Victims' home in the late evening hours of May 29 thand that neighbor saw his car at that time. Admission of neighbor's statement to substantially the same effect thus could not have prejudiced Defendant. *See State v. Crump,* 875 S.W.2d 241, 243 (Mo.App.1994); *State v. Jennings,* 815 S.W.2d 434, 445–46 (Mo.App.1991); *Cooper v. Cooper,* 778 S.W.2d 694, 699 (Mo.App.1989); *State v. Pierce,* 652 S.W.2d 230, 232 (Mo.App. 1983). Point denied.

The judgments of conviction are affirmed. The sentence is vacated and the cause is remanded for entry of a written judgment and sentence consistent with the oral pronouncement of sentence.

RICHARD B. TEITELMAN, J., and CHARLES B. BLACKMAR, Senior Judge, concur.