Joseph ALLEN, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54044.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On May 6, 1986, movant pled guilty to second-degree burglary and stealing $150 or more and was sentenced to 10 years' imprisonment on each offense, sentences to run concurrently. Apparently at the time movant entered his pleas he was on parole for a federal offense. The court ordered movant's sentences to run concurrently with his federal sentence if his parole was revoked and his federal sentence reimposed. Movant was transferred to the custody of the Missouri Department of Corrections and Human Resources to serve his sentences.

A little over a year later movant filed a pro se Rule 27.26 motion, alleging his plea agreement had been violated. He stated his plea was based on his understanding that his Missouri sentences would run concurrently with his federal sentence and that he would be "remanded to the federal marshall to begin serving said federal sentence as the court so ordered." Further, he stated he was confined in a Missouri prison and his federal sentence was running consecutively, not concurrently, to his Missouri sentences because his "federal time will not count until [he] is released to federal jurisdiction." Counsel was appointed to represent movant, and an amended motion was filed. In it movant alleged his guilty plea was involuntary because he did not receive the benefit of his plea agreement and also alleged ineffective assistance of counsel. The motion court determined his claims were refuted by the record. It issued findings of fact and conclusions of law, denying movant's motion.

In his sole point on appeal movant contends the motion court erred in denying his motion without an evidentiary hearing because his pleas were involuntary. He argues he had a reasonable belief that "he

would be apprehended by federal authorities following his state sentencing" and that his Missouri sentences would run concurrently to his federal sentence.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

■ When a movant challenges the voluntariness of his guilty plea on the basis of a mistaken belief or understanding, that belief is tested by its reasonableness. *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978); *Small v. State,* 646 S.W.2d 903, 905 (Mo.App.1983).

■ In the present case the trial court initially questioned movant and determined his pleas of guilty were voluntary and intelligent. The court then imposed two sentences of 10 years, to run concurrently to each other and to his federal sentence. Execution of movant's Missouri sentences was suspended, and he was placed on parole for five years "with the special condition that he finish serving his federal sentence for which he is currently on parole, and at the completion of his federal obligation he is to be returned to ... the Missouri Department of Corrections and Human Resources."

Later that day the court learned the federal authorities would not take movant into custody and the judgment would not accomplish the result intended by it or the attorneys. Movant was brought before the

court, and it stated its intention in sentencing movant:

> Our intention was to assist you in allowing you to do your federal time and so that you would get credit for that federal time against your State time. Now, not the time that you did prior to today in federal time.
>
> . . . .
>
> What our intention was is that when you completed your federal time you would come back to the State of Missouri—and this Order said "return to the State of Missouri, Missouri Department of Corrections and Human Resources" to complete the balance of your sentence.

DEFENDANT: That was my understanding.

The court explained to movant that the original judgment would not accomplish the intended result and did not comply with the parties' agreement. Those portions of the judgment suspending execution of the sentences, placing movant on probation, and imposing the special condition were vacated, leaving the two concurrent 10-year sentences which would run concurrently with the federal sentence. The changes were explained to movant, and he was given the opportunity to withdraw his pleas. At the guilty-plea hearing the following dialogues occurred:

MR. CURRAN [defense counsel]: Here's the problem: If he sentences you to the ten straight, the feds aren't going to come pick you up, if anything is clear from the [federal] marshalls. They came over and talked to the sheriffs. If they don't want to take you, they would rather you do the time in Missouri, this Judge can't do the—get the feds to do anything. He can order time concurrent, but he can't make the marshall pick you up. That's the problem. The Judge would like to, if you want to serve the time in the feds, he would like to have you serve it there, but he doesn't have the authority to make the feds come get you. As a matter of fact, based on this morning, if the feds come over and say they don't want to get you, nobody gives you to them. He can make it run concurrent, but he can't make the feds take

you, because Missouri has you now. Do you understand that that's the problem? That's why we had to put you on probation, so there wouldn't be a hold on you for Missouri, so they would have to take you. That's the reason.

DEFENDANT: Your Honor, I would like to resolve this matter now.

. . . .

MR. CURRAN: We've said this before, but the thing is he can order it to run concurrent with the feds, okay? But he can't dictate where you serve the time. If he sentences you to the ten and orders the ten to run concurrently with the feds, he cannot make the feds pick you up and make you serve the time in the federal system. Do you understand that?

DEFENDANT: Right.

MR. CURRAN: So chances are if he sentences you to ten years concurrently with the feds, you will probably end up going to MDC [Missouri Department of Corrections and Human Resources]. By the time you do whatever you do on the ten, I doubt the feds will want you any more. You will be serving the time at MDC.

DEFENDANT: Let's go with that.

MR. CURRAN: I can't even say that. I can't say the feds won't want you, because they could suspend the parole, all right? They could suspend your parole.

. . . .

MR. CURRAN: Judge, we're going to talk at counsel table right now.

(There was a private consultation between the defendant and his attorney, Mr. Curran, after which the further following proceedings were had:)

MR. CURRAN: Mr. Allen wishes to let the plea stand and accept the ten-year sentence, to run concurrently with the feds. He fully understands the implications of that.

THE COURT: Mr. Curran, you have had a chance to confer with your client? Is that correct?

MR. CURRAN: Yes, Judge. After consultation with Mr. Allen off the record, it's his wish that his plea of guilty still stand, and not be set aside, and he's willing to accept the Court's sentence of ten years concurrent on each Count, to run concurrently with the federal cause number that I believe is already part of the record.

. . . .

THE COURT: Well, if they [the federal authorities] will take you on their hold, they can have you; we have no problem with that. If they will take you, we have no problem. The State of Missouri has no problem that I know of to honor that hold. And that is why even in the corrected order we said that any time you do after today in the federal penitentiary can be counted as time against your ten years you received today.

. . . .

DEFENDANT: Okay, one more question: the way the order stands now I will be turned over to the Federal Government?

THE COURT: If the Federal Government wants you, I think he's available, isn't he?

SHERIFF TYRA: Yes, sir, he is.

THE COURT: You're available if the Federal Government wants you. If you can get them to take you, everything is lovely.

DEFENDANT: I thank you for your consideration and the time that you spent in this matter. I'm very thankful.

. . . .

MR. CURRAN: I'll let the parole officer know of the sentencing. Just so you know there's no guarantee they're going to get you.

THE COURT: We will advise them, by all means, they can have you.

DEFENDANT: Then I will go finish my federal time?

THE COURT: Hopefully. That would be our desire.

DEFENDANT: Finish my federal time.

THE COURT: Yesterday afternoon when I talked to Kevin Curran, that was our desire.

DEFENDANT: When I finish my federal time then I will be turned over—

THE COURT: If they take you, if they take you, that is true; that will happen. We just don't know whether or not they will take you. If they do, bless them.

From the record it can be ascertained movant understood the court could order his Missouri sentences to run concurrently with his federal sentence but could not control his federal sentence, when his federal parole would be revoked, or if federal authorities would take movant into federal custody. Movant indicated he understood the sentence as modified and he wanted his guilty pleas to stand. Movant's complaints, that he reasonably understood he would be turned over to federal authorities to serve his federal sentence and his Missouri sentences would run concurrently with his federal sentence, are refuted by the record. The motion court's findings and conclusions are not clearly erroneous.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.