### STATE ex rel. Jeremiah W. (JAY) NIXON, Attorney General of Missouri, Relator,

v.

### Honorable Robert Lee CAMPBELL, et al., Respondents.

### No. 77727.

Supreme Court of Missouri, En Banc.

Sept. 19, 1995.

Rehearing Denied Oct. 24, 1995.

---

Jeremiah W. (Jay) Nixon, Attorney General, John W. Simon, Assistant Attorney General, Jefferson City, for relator.

Larry Maples, Michael S. Schaeffer, Joplin, for respondents.

PRICE, Judge.

This is an original proceeding in certiorari to review the issuance of a writ of habeas corpus by the Circuit Court of St. Louis County. We quash the circuit court record. The original sentence is thereby reinstated.

## I.

On December 1, 1992, Albert Craig pleaded guilty to the rape and abuse of his fourteen-year-old daughter. Craig was sentenced by the Circuit Court in McDonald County to concurrent terms of seven and four years. Execution of these sentences was suspended, and Craig was placed on probation for five years, with a special condition that he complete a two-year, inpatient sex offenders' program at Fulton State Hospital, a mental health facility. This probationary sentence was ordered pursuant to a plea agreement. Craig neither appealed this sentence nor filed a post-conviction motion pursuant to Rule 24.035.

Less than three months after Craig entered the program, Mary Jane Ruffolo, Craig's primary therapist at Fulton State Hospital, informed the court that the custodial sex offenders' program was being cancelled. She recommended that Craig "be placed in a secure environment and afforded the opportunity to continue to participate in some type of sex offender treatment program." The prosecuting attorney of McDonald County filed an application to revoke probation on the basis that defendant "violated the conditions of probation...."

On April 1, 1993, the court in McDonald County held a hearing on the application to revoke probation. Ms. Ruffolo testified at length at that hearing in both the revocation and dispositional phases. She testified that Craig had made minimal progress during the time he was in the program at Fulton and explained the deficiencies in his progress. She testified that she believed he would revert to pedophilia in the absence of further treatment. It was her opinion that Craig could not be treated successfully in an outpatient program. The only remaining inpatient sex offender program that she knew of was the Missouri Sex Offender Program within

the penitentiary system through the Department of Corrections.

At the hearing the court asked if Craig was requesting to be allowed to withdraw his plea of guilty. The response by counsel was "Judge, at this point we do not make such a request, no." After hearing testimony the court found that Craig had "violated a condition of probation by failing to complete a sex offenders' program." The court then held a dispositional hearing after which it stated:

> I believe it's in the best interests not only of society but also your best interest that you do successfully complete an in-house program. And there's only one program in existence, and that happens to be with the Department of Corrections. That was true on December 1, and it's also true today. Therefore, the sentence of the Court, as issued on the 1st day of December, is ordered executed.

On April 5, 1993, Craig was delivered to the Missouri Department of Corrections.

Craig filed a writ of habeas corpus with the St. Louis County Circuit Court. On July 15, 1994, the court granted Craig's petition for habeas corpus because it found no basis in the record to support a finding that Craig violated the conditions of his probation. By writ of certiorari, the Attorney General seeks review of the granting of Craig's writ for habeas corpus.

## II.

■ There can be no question that Craig violated the terms of his probation. The court had conditioned his probation upon completion of a two-year sex offender program. The state has now discontinued this program and Craig cannot comply with the terms of his probation. The term violate as used in § 559.036.3 does not necessarily require a finding of culpability. In Webster's Third New International Dictionary, the verb "violate" is defined merely as "to fail to keep". However, it is equally clear that this violation did not occur through the fault or culpability of Craig. Thus, the question is squarely posed, may a non-culpable violation of a condition of probation warrant revocation?

The leading authority in this matter is *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). In *Bearden*, the United States Supreme Court addressed a situation where an individual's probation was revoked because he was unable to make restitution and to pay a court-imposed fine as a condition of probation. The Court was obviously troubled by the equal protection and due process implications and the fundamental unfairness of imprisoning an indigent for the inability to pay a debt. 461 U.S. at 665–67, 103 S.Ct. at 2068–70.

The Court reversed the revocation and required that the trial court find either that the probationer be somehow at fault for the violation or that alternative forms of punishment were inadequate. 461 U.S. at 662, 103 S.Ct. at 2067. Of particular significance was the Court's explanation that:

> We do not suggest that, in other contexts, the probationer's lack of fault in violating a term of probation would necessarily prevent a court from revoking probation. For instance, it may indeed be reckless for a court to permit a person convicted of driving while intoxicated to remain on probation once it becomes evident that efforts at controlling his chronic drunken driving have failed. Ultimately, it must be remembered that the sentence was not imposed for a circumstance beyond the probationer's control but because he had committed a crime.

461 U.S. at 668 (n. 9), 103 S.Ct. at 2070 (n. 9) (citations omitted).

In a similar case, an Illinois appellate court sustained the revocation of probation that was conditioned on completion of an inpatient treatment program for alcohol and drug dependency. In *People v. Davis*, 123 Ill.App.3d 349, 78 Ill.Dec. 705, 462 N.E.2d 824 (1984), the court allowed revocation when no acceptable treatment program would accept defendant, even though the failure was not due to any fault of the probationer. The Illinois court explained:

> While the probationer's culpability in violating the conditions of his or her probation ordinarily occupies a preeminent position among the factors considered in determining whether probation should be re-

voked, an approach to the probation revocation question which regards this factor as the sole touchstone of whether a probation violation has occurred ignores the fact that circumstances other than conduct chargeable to the probationer may frustrate the purposes of probation. The most important purpose of probation is, of course, to bring about the rehabilitation of the offender without sentencing him or her to prison. Also of importance is the protection of the public. . . .

Thus, although the defendant's fault is, in most cases, of great importance in determining whether the conditions of probation have been violated, circumstances beyond the defendant's control may provide an adequate basis for probation revocation where such circumstances frustrate the fundamental purpose or reason for the imposition of a sentence of probation.

78 Ill.Dec. at 708–09, 462 N.E.2d at 827–28. Additional states have agreed that fault of the defendant in not meeting the probation conditions may not be a necessary factor in deciding whether to revoke probation. *See State v. Baxter,* 19 Conn.App. 304, 563 A.2d 721, 729 (1989) (holding that probation may be revoked even if the failure to obey a condition of probation is not found to be intentional or willful); *State v. Bennett,* 35 Wash.App. 298, 666 P.2d 390, 392 (1983) (explaining that when treatment in a sex offender program fails, a good faith attempt to comply with the conditions of probation must be distinguished from a violation of conditions which relate to the defendant's potential for rehabilitation).[1]

In the instant case, a necessary condition of Craig's probation was completion of a two-year sexual offenders' program. This served not only Craig's hopes of rehabilitation but also the need of society for protection from Craig. The evidence before the revocation court was that Craig had only made "minimal progress" and that without further inpatient treatment he would revert to pedophilia. Additionally, the sentencing judge found that the only acceptable alternative in Missouri

was the Missouri Sexual Offender Program offered within the penitentiary system. In the absence of an acceptable alternative outside of the penitentiary system, we do not find that the revocation, on this ground, was improper. In this type of a situation, society's needs to be protected from criminals like Craig, as well as Craig's own need for rehabilitation, justify revocation, even if Craig's probation violation was not of his own fault.

■ Craig's case is complicated, however, by the fact that his probation was a part of a plea bargain. The United States Supreme Court has noted that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *United States v. Kelly,* 18 F.3d 612, 616 (8th Cir. 1994). In *Santobello,* the defendant agreed to plead guilty in return for the prosecutor's promise not to make a sentence recommendation to the judge. A different prosecutor appeared at the sentencing hearing months later and recommended the maximum sentence, which the judge imposed. 404 U.S. at 258–60, 92 S.Ct. at 497–98. Although finding that the prosecutor's "breach of the agreement was inadvertent", the Court nonetheless remanded the matter to the state court either for specific performance of the prosecutor's promise or, to determine if "the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." *Id.* at 263, 92 S.Ct. at 499.

Here, Craig entered a guilty plea in reliance upon the sentence and probation initially imposed. The state terminated the Fulton sexual offenders' program denying Craig the ability to continue his treatment as contemplated under the plea agreement. Recognizing this problem and the practical impossibility of specific performance, the sentencing court properly offered Craig the option of withdrawing his guilty plea and beginning

---

1. Decisions in two other states indicate that actual fault by the probationer may be required. *See Johnson v. State,* 561 So.2d 1254, 1255 (Fla.App. 1990), and *State v. Austin,* 295 N.W.2d 246, 250 (Minn.1980).

the proceedings anew. *Santobello* requires no more than this. Nevertheless, Craig declined this offer, choosing instead to pursue an argument that his revocation was wrongful. Craig is bound by this litigation strategy and is entitled to no further relief under *Santobello*.

### III.

Because the revocation of Craig's probation was in accordance with the law, the decision of the circuit court granting habeas corpus is reversed and the record in the St. Louis County Circuit Court, Cause No. 655486, is quashed. Craig's original sentence imposed on December 1, 1992, is thereby reinstated.

HOLSTEIN, C.J., and BENTON, LIMBAUGH, ROBERTSON and COVINGTON, JJ., concur.