Oskar McNEAL, Appellant,

v.

STATE of Missouri, Respondent.

No. 67531.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 14, 1995.

---

1. All statutory references are to the Revised Missouri Statutes Cumulative Supplement 1993.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the motion court's judgment denying Rule 24.035 relief without an evidentiary hearing. We reverse and remand.

On May 6, 1994, movant pled guilty to second degree (felony) murder, § 565.021.1(2), RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. Pursuant to the plea agreement, the state recommended fifteen year prison terms on each count, to run concurrently with each other and concurrently with the sentence movant was then serving on a federal conviction. The court sentenced movant in accordance with the plea bargain.

On June 22, 1994, movant filed a *pro se* motion for Rule 24.035 post-conviction relief asserting the plea bargain had been "broken".[1] Appointed counsel filed an amended motion on September 23, 1994. In the amended motion, movant alleged that "the Federal Bureau of Prisons would not take custody of movant and claimed he would have to complete his Missouri sentence before they would take custody of him" and thus, "time served in Missouri is not being credited to his Federal sentence so movant is not receiving that for which he pled guilty." Movant asserted that his plea was involuntary because he pled guilty reasonably relying on the promise that he would serve his federal and state time concurrently, that the plea agreement had been "breached", and that counsel was ineffective in failing to investigate "whether the Federal Bureau of

---

1. Movant's *pro se* motion reads:

I plea to 15 year's concurrent to each and concurrent to federal sentence's and to serve time in federal custody for offenses but the fed's sent me back to the St. Louis county jail and told me that I had to do my state time first[.]

Prisons would honor the state plea agreement."

The motion court denied relief without an evidentiary hearing. The court found: that movant had received the sentence for which he bargained and was improperly seeking enforcement of his sentence via the Rule 24.035 mechanism, *see Murphy v. State,* 866 S.W.2d 895 (Mo.App.E.D.1993); that in any event, it had no power to enforce the sentence against the Federal Bureau of Prisons which was not a party to the plea bargain; and that counsel was not ineffective because counsel could not have known the Federal Bureau of Prisons would not have accepted movant's transfer into its system.

In his dispositive point on appeal, movant asserts the motion court clearly erred in denying an evidentiary hearing on his "claim that he pled guilty under the mistaken belief that in exchange he would return to federal prison so he could serve his federal time concurrent with his state court sentences...."

■ Our review is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State,* 894 S.W.2d 209, 210 (Mo.App.E.D.1995). The findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Vernor,* 894 S.W.2d at 210. Upon a plea of guilty, movant waives all errors except those which affect the voluntariness or understanding with which he pleads. *Blanchette v. State,* 753 S.W.2d 322, 324 (Mo.App.1988). In order to be entitled

to an evidentiary hearing, movant must cite facts, not conclusions, which, if true would entitle him to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice movant. *Vernor,* 894 S.W.2d at 210.

Movant complains that the motion court's focus on the plea-agreement's enforcement was misplaced. We agree. All concede that the agreement is unenforceable to the extent that there is no way to compel the Federal Bureau of Prisons to take delivery of movant. Movant alleged that the Federal Bureau of Prisons did not take custody and accordingly he is not serving the federal and state sentences concurrently, and that he pled guilty with a reasonable reliance on the state's promise that he would.

■ When a defendant claims to have pleaded guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief. *Miller v. State,* 869 S.W.2d 278, 279 (Mo.App.E.D.1994); *Vernor,* 894 S.W.2d at 210. Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable. *Miller,* 869 S.W.2d at 279.

■ In this case, the positive representation on which movant asserts he relied was an explicit part of the plea bargain. Movant's allegations here, if true, establish that the part of the plea bargain in which the Missouri sentences are to run concurrently with the federal sentence is unenforced and unenforceable.[2] *See Vernor,* 894 S.W.2d at

---

**2.** "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State ex. rel. Nixon v. Campbell,* 906 S.W.2d 369, 372 (Mo. banc 1995)(*quoting Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971)).

In *Campbell,* a necessary condition of the probation term of Campbell's plea bargain and sentence was the completion of a two year inpatient sexual offenders' program at the Fulton State Hospital. The program was cancelled less than three months after Campbell entered, and the state sought to revoke Campbell's probation. Our Supreme Court noted that:

[Campbell] entered a guilty plea in reliance upon the sentence and probation initially imposed. The state terminated the Fulton sexual offenders' program denying [Campbell] the ability to continue his treatment as contemplated under the plea agreement. Recognizing this problem and the *practical impossibility of specific performance,* the sentencing court *properly offered [Campbell] the option of withdrawing his guilty plea and beginning the proceedings anew.*

*Id.,* at 372 (emphasis added); *see also Allen v. State,* 755 S.W.2d 274 (Mo.App.1988).

210. He is entitled to an evidentiary hearing to prove his allegations.

There is no need to address movant's two remaining points relating to the plea bargain because they are necessarily subsumed by our holding here. Movant's contention the plea-hearing court failed to establish a factual basis for the charges pursuant to Rule 24.02(e) appears to be without merit; however, there is also no need to address that issue here as the factual basis may be supplemented if necessary at the evidentiary hearing.

Reversed and remanded for an evidentiary hearing.

KAROHL, J., and RONNIE L. WHITE, Special Judge, concur.