Carl ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 71353.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 9, 1997.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jacqueline K. Harma, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of his Rule 24.035 motion for post-conviction relief and request for an evidentiary hearing. He relies on *McNeal v. State of Missouri*, 910 S.W.2d 767 (Mo.App. E.D.1995), to support his request for an evidentiary hearing. He argues two points of motion court error: (1) his pleas were not voluntary because he cannot serve state court sentences on two class D felonies concurrent with a federal sentence as provided in the plea agreement; and (2) he received ineffective assistance of counsel because his attorney advised him to accept the plea bargain without investigating and confirming the workability of the plea agreement. We reverse and remand for an evidentiary hearing.

On January 30, 1995, movant was charged by Information with two counts of unlawful use of a weapon in violation of Section 571.030.1(1) RSMo 1994. He pled guilty to both charges. The court accepted the pleas after determining they were made voluntarily and intelligently. Thereafter it observed:

> THE COURT: ... you can have lawyers and Circuit Judges and the State system, we can try and help you out all we can, and in a blink of an eye, all that can be ruled out in the Federal system. You understand that they do all kinds of things, like let you go down to the penitentiary on this one, and let you serve four or five years down there or three years before they ever pull you back on the Federal stuff.
>
> You understand they can play all those kinds of games?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. So [defense counsel, prosecuting attorney], can explain to me why they want to do this, and I'm willing to go along with it, but be assured we may not be done. You think good, hopefully we are, but we probably aren't.
>
> You understand that don't you?
>
> THE DEFENDANT: Yes, sir.

On August 28, 1995, pursuant the plea agreement, the court sentenced movant to five years for each count to run concurrent with one another and concurrent with the sentence that was previously imposed in fed-

eral court. Then, the court remanded movant to the custody of the Department of Justice Services to return movant to the custody of the Attorney General of the United States and the United States Bureau of Prisons.

On November 10, 1995, movant filed a *pro se* motion for Rule 24.035 post-conviction relief asserting his plea bargain was violated because he was not serving his state sentence while in federal custody. Appointed counsel filed an amended motion on March 4, 1996, along with a request for an evidentiary hearing. In the amended motion, movant alleged the "United States Bureau of Prisons refused custody of movant and claimed [movant] would have to complete his Missouri sentence before they would take custody of him," thus, the result breached his plea bargain. He also alleged his counsel was ineffective for failing to investigate *"WHETHER THE FEDERAL BUREAU OF PRISONS WOULD HONOR THE STATE PLEA AGREEMENT."* Allegations that Rule 24.035 is unconstitutional are not before us. In summary, movant asserted that he was incapable of intelligently waiving his right to a jury trial, so his pleas of guilty were involuntary.

The motion court denied relief without an evidentiary hearing. In addressing the first issue it found there was no breach of movant's plea agreement and the claim of breach was not cognizable under Rule 24.035. In addressing the second issue, it found movant's claim of ineffective assistance of counsel was moot and without merit.

The motion court interpreted movant's allegation of breach of the plea agreement as a complaint about the location of his confinement; in state custody, rather than federal. The court replied that nowhere in the plea agreement was there a requirement that movant serve his state sentence in federal custody. Instead, the court found it had ordered the two state sentences to be served in the Missouri Department of Corrections.

The court also determined the claim of breach of his plea agreement was not cognizable. It found movant failed to challenge the validity of his state sentences as allowed under Rule 24.035. It viewed movant's claim

as a challenge of the U.S. Bureau of Prisons' authority and its refusal to accept movant into federal custody. The court concluded it had no power over such a challenge under Rule 24.035.

The court concluded movant's ineffective assistance of counsel claim was without merit because there was no agreement that movant would serve his state sentence in federal custody. Moreover, it concluded movant was informed of the uncertainty of whether concurrent service of his state and federal sentences would be carried out. It found it adequately apprised movant of the risk during his plea. Furthermore, movant acknowledged the possibility of failure and declined to offer the court any legal or factual reasons for setting aside his guilty pleas. Finally, it found no amount of investigation on the part of movant's attorney could insure his plea agreement would be honored. It made no inquiry before accepting the plea whether the federal authorities would honor the bargain; nor did the prosecuting attorney or defendant's attorney.

 Movant argues the motion court clearly erred in denying an evidentiary hearing on his claim that his guilty plea bargain has been breached because his state sentences are not running concurrently with the federal sentence as required by the plea agreement. Our review is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State,* 894 S.W.2d 209, 210 (Mo.App. E.D.1995). The findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Id.* Upon a plea of guilty, movant waives all errors except those which affect the voluntariness or understanding with which he pleads. *Blanchette v. State,* 753 S.W.2d 322, 324 (Mo.App.1988). To warrant an evidentiary hearing on a motion for post-conviction relief, movant must: (1) plead facts, not conclusions which would warrant relief; (2) show these facts cannot be refuted by record; and (3) demonstrate he was thereby prejudiced. *January v. State,* 908 S.W.2d 169, 170 (Mo.App. E.D.1995).

Movant contends the court mistakenly centered its finding on the portion of the plea bargain which called for movant to serve his sentence in federal custody. He complains the motion court wholly overlooked his reliance on serving his state and federal sentences concurrently. His point is service of concurrent sentences, wherever he is held.

Movant also asserts the court mistakenly found his claim not cognizable under Rule 24.035. The parties concede the agreement is unenforceable to the extent that the U.S. Bureau of Prisons may not be compelled to accept movant. Movant contends the fact that the court had no power to compel the U.S. Bureau of Prisons to take him into custody is not an issue. The U.S. Bureau of Prisons did not take custody, and accordingly, he is not serving the state and federal sentences concurrently. He contends he pled guilty in reliance on the agreement outlined in the plea forms as recited at the plea hearing. The sentences expressly were to be concurrent with the federal sentence.

■ When a defendant claims to have pled guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief. *McNeal v. State*, 910 S.W.2d 767, 769 (Mo. App. E.D.1995). Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable. *Id.*

■ The state responds movant's belief is not reasonable. It suggests the plea court put movant on notice that the court could not guarantee the Missouri sentences would be served concurrently with the prior federal sentence. After all, movant acknowledged he understood the federal court had the power to alter the outcome of his sentence.

· Movant replies, the plea court's informal comments failed to put him on notice that his Missouri and federal sentences would not be served concurrently. He did not rely on the "off the cuff," "generic references" of the court that the federal authorities could "play games." These comments were offered by the court *after* it had formally accepted movant's guilty pleas. Instead, he relied on the positive representation of the prosecutor, his counsel and the sentences reciting concurrent services.

■ We find the court's remarks insufficient to support a finding, based only on the plea record, that movant's belief was unreasonable. The casual remarks do not support a finding that it is unreasonable for movant to have relied on his plea agreement. Movant's allegations, if proven at a hearing, would support a finding that the plea bargain required the Missouri sentences to run concurrently with the federal sentence. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *McNeal*, 910 S.W.2d at 769 n. 2. (quoting *State ex rel. Nixon v. Honorable Campbell*, 906 S.W.2d 369, 372 (Mo.1995)) (further citations omitted).

At the plea hearing the attorneys placed the plea bargain on the record as follows:

[DEFENSE COUNSEL]: Your Honor, the State's recommendation conveyed to me is that my client be sentenced to serve five years in the Missouri Department of Corrections, and that that [sic] said sentence will be run concurrent with the sentence that he receives either from Federal Parole Revocation and also from the pending Federal case.

THE COURT: Has that been the State's recommendation, [Prosecutor]?

[PROSECUTOR]: Yes, Your Honor, five years.

The court accepted the plea on June 20, 1995. It sentenced movant on August 28, 1995, as follows, inter alia:

I'm going to make those sentences run concurrent with one another, Mr. Robinson, and concurrent with the sentence that was previously imposed in the [F]ederal [C]ourt for the Eastern District of Missouri 95CR–59SNL. And I'm going to make this sentence run concurrent with that sentence.

■ Movant is entitled to an evidentiary hearing to prove his allegations. *McNeal*, 910 S.W.2d at 770. There is no need to address movant's remaining point related to

failure of counsel to confirm the plea bargain could be fulfilled so that the pleas could be knowingly and voluntarily made. That issue may be addressed by the motion court.

Reversed and remanded for an evidentiary hearing.

AHRENS, P.J., and CRANDALL, J.