STATE of Missouri, Respondent,

v.

George ROBINSON, Appellant.

No. 71433.

Missouri Court of Appeals, Eastern District,

May 12, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRAHAN, C.J., and JAMES R. DOWD, J., and CHARLES B. BLACKMAR, Senior Judge.

### ORDER

Raymond CROSS, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 72385.

Missouri Court of Appeals, Eastern District, Division Four.

May 19, 1998.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Movant, Raymond Cross, appeals from the denial, without an evidentiary hearing, of his motion for post-conviction relief pursuant to Rule 24.035. We reverse and remand.

Movant pled guilty to one count of stealing a motor vehicle, Section 570.030, RSMo 1994,[1] one count of second degree assault on a law enforcement officer, Section 565.082, and one count of resisting arrest, Section 575.150. Pursuant to a plea agreement, the State recommended that Movant serve seven years for the motor vehicle theft, eleven years for the assault, and one year for resisting arrest, each term to be served concurrently with each other and concurrently with a sentence that was previously imposed upon Movant in Illinois. The court sentenced Movant in accordance with the plea agreement.

Movant timely filed a pro se motion for post-conviction relief under Rule 24.035, asserting that the plea agreement had been breached. Appointed counsel filed an amended motion alleging that Movant's plea agreement with the State had been breached in that Movant "specifically bargained for his Missouri sentences ... to be served concurrently with his sentence in Illinois," but "Movant was not delivered to Illinois, but is located at the Jefferson City Correctional Center in Missouri an [sic] is thus not being credited with this time by the Illinois officials." Movant alleged his plea of guilty is invalid because it was entered based on the mistaken belief he would be able to serve his Missouri and Illinois sentences concurrently.

The motion court denied Movant relief without an evidentiary hearing. In denying Movant's first claim, the court found there was no breach of the plea agreement, but that Movant "was sentenced to what he ex-

---

1. All statutory references herein will be to RSMo 1994 unless otherwise stated.

pected." While the plea agreement promised Movant that his Missouri sentences would be served concurrent to his time in Illinois, the court found nothing in the plea agreement promised Movant that he would serve his sentence in Illinois. The court focused on the fact that Movant had "not shown that he was ever told that [Illinois] would run [its] sentences concurrent to Missouri's." The court also relied on the fact that when Movant was asked at the plea hearing "if he was promised anything else he replied, 'No.'" In addressing Movant's second allegation, the motion court found Movant alleged the same thing as in his first point and denied him relief. The motion court also stated that it believed Movant's claims were "not cognizable in a 24.035 motion" but were "appropriate in a Habeas Corpus or Mandamus action."

In his first point on appeal, Movant contends the motion court clearly erred in denying him an evidentiary hearing on his claim "that his plea bargain was breached because his Illinois sentences are not running concurrently with his Missouri time due to his continuing imprisonment in Missouri, since the guilty pleas were based on his actually receiving concurrent time, not merely a judgment calling for it." Movant's second point on appeal is related to his first in that he claims the trial court clearly erred in denying him an evidentiary hearing on his claim that "he pled guilty in the mistaken belief he would receive Missouri sentences running concurrently to his Illinois sentence since the plea bargain called for this result (not merely a recommendation in the Missouri judgment) so his belief was fully justified by the positive representations of the prosecutor during the plea and the judge in sentencing him." The State candidly concedes the motion court erred in denying Movant's motion for post-conviction relief without holding an evidentiary hearing on these claims.

■ Our review of a court's denial of a Rule 24.035 motion for post-conviction relief "is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous." *McNeal v. State,* 910 S.W.2d 767, 769 (Mo.App. E.D.1995). We will find the motion court's findings and conclusions clearly erroneous "only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made." *Id.*

■ "Upon a plea of guilty, movant waives all errors except those which affect the voluntariness or understanding with which he pleads." *Id.* "In order to be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which, if true would entitle him to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice movant." *Id.*

■ "When a defendant claims to have pled guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief." *Robinson v. State,* 952 S.W.2d 315, 318 (Mo. App. E.D.1997). "Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable." *Id.*

■ Movant argues that he failed to receive the benefit for which he bargained. He argues the motion court's reliance on the fact that he was not specifically promised he would be returned to Illinois is misplaced considering his return to Illinois would be the only way his sentences could run concurrently given that his Illinois sentence was imposed first. Movant argues that his case is indistinguishable from *McNeal v. State,* 910 S.W.2d 767 (Mo.App. E.D.1995). We agree.

In *McNeal,* the movant pled guilty pursuant to a plea bargain under which the movant was sentenced to two fifteen year prison terms, the sentences to run concurrently with each other and concurrently with a sentence he was then serving on a federal conviction. *Id.* at 768. In his motion for post-conviction relief, the movant alleged that the plea agreement had been breached because the Federal Bureau of Prisons would not accept custody of movant and therefore, his time served in Missouri was not being credited to his federal sentence. *Id.* He also claimed that his guilty plea was involuntary because he reasonably relied on the promise that his federal and state sentences would be

served concurrently. *Id.* This court found that "the positive representation on which movant asserts he relied was an explicit part of the plea bargain." *Id.* at 769. Consequently, if proved true, the allegations "establish[ed] that the part of the plea bargain in which the Missouri sentences are to run concurrently with the federal sentence is unenforced and unenforceable." *Id.* We concluded that the movant was entitled to an evidentiary hearing in order to prove his allegations. *Id.*

At Movant's plea hearing in this case, the parties discussed the plea agreement as follows:

COURT: Now, does the state have a recommendation in this case, . . . ?

PROSECUTOR: Yes, Judge, the state is recommending seven years on Count I, 11 years on Count II and one year on Count III, all to be served concurrently with each other and concurrently with the time he has left over in Illinois.

COURT: [Movant], is that your understanding of what the state's recommendation was going to be?

MOVANT: That's correct, Your Honor.

COURT: All right. Other than what the state's recommendation was going to be, has anybody made any promises to you about this case?

MOVANT: No.

COURT: Do you have any other criminal charges pending against you anywhere right now?

MOVANT: No, sir, I do not.

COURT: Has anybody made any promises to you as to exactly how many days you'll spend in the penitentiary under this plea bargain agreement?

MOVANT: No, sir.

We find Movant's allegations, if true, support a finding that the plea agreement required Movant's Missouri sentences to be served concurrently with the Illinois sentence. We conclude Movant is entitled to an evidentiary hearing to prove his allegations. Because Movant's second point relates to the

plea bargain, we do not need to address it. Instead, that issue may be addressed by the motion court on remand.

Finally, in Movant's third point on appeal, he alleges that the trial court clearly erred in summarily denying as indecipherable Movant's allegation that "he pled guilty under the misunderstanding generated by counsel's erroneous assertion that he would return to the Illinois prison after sentencing" because the allegations were adequately pled in the *pro se* wording. Movant argues that his claim that counsel's statements were misleading "is distinct from his claims that the plea bargain was breached and that he mistakenly believed he would get to serve the sentences from both states concurrently."

Following the claims for relief written by counsel, counsel attached to the amended motion copies of a typewritten paragraph from Movant's *pro se* motion and numerous handwritten sheets. In regard to these additional pages, and after denying Movant's first two claims,[2] the motion court found: "There appears to be other allegations attached to the amended motion but they are obviously *pro se* allegations since they are the same pages from the *pro se* motion. The Court cannot decipher them and so they are all denied."

The State contends the attachment of claims to Movant's amended motion violates Rule 24.035(g), which states: "The amended motion shall not incorporate by reference material contained in any previously filed motion." Because this portion of Movant's amended motion violates Rule 24.035(g), we may not consider the allegations in that portion of the amended motion. *Myers v. State,* 941 S.W.2d 889, 890 (Mo.App. S.D.1997).

We reverse and remand for evidentiary hearing.

SIMON and HOFF, JJ., concur.

---

2. The motion court also denied a third claim by Movant that Movant did not understand the plea proceeding because he had taken a drug called

Elavil the previous night. However, the denial of that claim is not challenged on appeal.