**Raymond CROSS, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 76822.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 14, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied
March 20, 2001.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, MO, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Movant, Raymond Cross, appeals from the denial of his Rule 24.035 motion for post-conviction relief. We affirm.

Movant pleaded guilty to stealing a motor vehicle, second degree assault on a law enforcement officer and resisting arrest. Pursuant to a plea agreement, the state recommended that movant be sentenced to seven years for the stealing count, eleven years for the assault count and one year for the resisting arrest count, and that the sentences be served concurrently with each other and concurrently with a sentence imposed upon movant in Illinois. The court sentenced movant in accordance with the plea agreement.

Movant filed a pro se motion for post-conviction relief under Rule 24.035. The court appointed counsel and an amended motion was filed. For his first claim in the amended motion, movant alleged that his plea agreement with the state had been breached because he "specifically bargained for his Missouri sentences ... to be served concurrently with his sentence in Illinois," and that he was not "delivered to Illinois, but is located at the Jefferson City Correctional Center in Missouri an [sic] is thus not being credited with this time by the Illinois officials." Movant alleged for his second claim that his guilty plea was invalid because it was entered based on the mistaken belief he would be able to serve his Missouri and Illinois sentences concurrently. Attached to the amended motion was a copy of a typewritten paragraph from movant's pro se motion and numerous handwritten sheets. The motion court denied the motion without an evidentiary hearing. In addressing movant's first claim, the court found that while the plea agreement promised movant his Missouri sentence would be served concurrent to his time in Illinois, nothing in the plea agreement promised movant he would serve his sentence in Illinois. The court also found that movant alleged the same thing in the second claim as in the first. As for the attachments to the amended motion, the court found that "There appears to be other allegations attached to the amended motion but they are obviously *pro se* allegations since they are the same pages from the *pro se* motion. The Court cannot decipher them and so they are all denied."

On appeal, movant argued that the court erred in denying "him an evidentiary hearing on his claim 'that his plea bargain was breached because his Illinois sentences are not running concurrently with his Missouri time due to his continuing imprisonment in Missouri, since the guilty pleas were based on his actually receiving concurrent time, not merely a judgment calling for it.' " *Cross v. State*, 970 S.W.2d 840, 842 (Mo. App. E.D.1998). Movant also argued that " 'he pled guilty in the mistaken belief he would receive Missouri sentences running concurrently to his Illinois sentence since the plea bargain called for this result (not merely a recommendation in the Missouri judgment) so his belief was fully justified by the positive representations of the prosecutor during the plea and the judge in sentencing him.' " *Id.* The state conceded that the court erred in denying movant an evidentiary hearing as to these claims. *Id.* Because movant's allegations, if true, supported a finding that the plea agreement required movant's sentences to be served concurrently, this court concluded that movant was entitled to an evidentiary hearing for these claims. *Id.* at 842–43 (discussing *McNeal v. State*, 910 S.W.2d 767, 768–69 (Mo.App. E.D.1995)).

Movant also argued on appeal that the motion court erred in summarily denying as indecipherable the claim from his pro se motion that he pleaded guilty " 'under the misunderstanding generated by counsel's erroneous assertion that he would return to the Illinois prison after sentencing.' " *Id.* at 843. This claim was included in the attachments to the amended motion. *Id.* The state argued that the attachment of claims to movant's amended motion violated Rule 24.035(g) which states that the "amended motion shall not incorporate by

reference material contained in any previously filed motion." *Id.* This court held that we could not consider the attachments to the amended motion because that portion of the amended motion violated Rule 24.035(g). *Id.*

No witnesses testified at the evidentiary hearing after this court's remand. Movant's counsel stated that the issue before the court was whether movant was promised his sentence would run concurrently with the sentence he was serving in Illinois. Counsel further stated that she was unable to produce any witnesses to support that claim.

Prior to the court ruling on movant's motion, the Missouri Supreme Court addressed application of Rule 24.035(g) in a case where appointed counsel stapled copies of the movant's pro se Rule 24.035 motion and a pro se amendment to a second amended motion. *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999). The court held that physically attaching the movant's pro se motion and amendment did not violate Rule 24.035(g), and overruled *Cross* to the extent it conflicted with the opinion. *Id.* at 945–46.

The motion court denied movant's claims in the amended motion that the plea bargain was breached and that he mistakenly believed he would serve his Missouri and Illinois sentences concurrently. The court also denied movant's pro se allegations attached to the amended motion, again finding it could not decipher these allegations. Movant appeals from this judgment and raises one point.

Movant argues that the court erred in failing to grant an evidentiary hearing on his pro se claim that he pleaded guilty "under the misunderstanding generated by counsel's erroneous assertion that he would return to the Illinois prison after the entry of judgment in this case."

■ Movant's argument is based on portions of his pro se motion that were attached to the amended motion. This court found in the first appeal that the attachment violated Rule 24.035(g). *Cross,* 970 S.W.2d at 843. The Missouri Supreme Court later held that physically attaching a movant's pro se motion to an amended motion did not violate Rule 24.035(g), and overruled *Cross* to the extent it conflicted with the opinion. *Reynolds,* 994 S.W.2d at 945–46. We therefore address whether the law of the case doctrine should be applied. This doctrine governs successive appeals involving substantially the same issues and facts. *Bandy v. State,* 847 S.W.2d 93, 94 (Mo.App. W.D.1992). Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings for the same cause. *Id.* The doctrine's application normally precludes re-examination of issues decided in the original appeal. *Id.* The doctrine is nevertheless a rule of policy and convenience, and is a concept that involves discretion. *Id.* An appellate court therefore has discretion to apply the doctrine where the first opinion arose from mistake, resulted in manifest injustice or where a change in the law intervened between the appeals. *Id.* at 94–95. Because there was a change in the law between movant's first and present appeal, we decline to apply the doctrine of the law of the case and will consider movant's argument.

■ Appellate review of the court's denial of movant's 24.035 motion is limited to determining whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k). To be entitled to an evidentiary hearing, a movant must cite facts not conclusions, which, if true, would warrant relief; the alleged facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Cross,* 970 S.W.2d at 842. Where a guilty plea has been entered, the issue of counsel's effectiveness is material only to the extent it affects whether the plea has been voluntarily and knowingly made. *Holland v. State,* 990 S.W.2d 24, 31 (Mo.App. E.D.1999). To show that counsel's assistance was so defective as to require reversal, the movant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *State v. Nunley,* 980 S.W.2d 290, 292 (Mo. banc 1998). To show preju-

dice where the movant entered a guilty plea, the movant must show that, but for counsel's unprofessional errors, movant would not have pleaded guilty and would instead have insisted on going to trial. *Id.*

Movant contends that the court clearly erred in summarily dismissing as indecipherable his claim that counsel misled him by informing him that he would be returned to Illinois after pleading guilty to the Missouri charges. Movant relies on the following typewritten and handwritten portions of his pro se motion that were attached to the amended motion:

> 9.(a) Movant plead guilty with the understanding that he would receive an eleven (11) year sentence to run concurrent with sentences presently being served in the State of Illinois and that specifically he would return to the State of Illinois to serve these sentences. Movant only entered this guilty plea because of his understanding as relayed by trial counsel Ls. M. Stroup. Had movant known that he would have had to serve the sentence in the State of Missouri he would have proceeded to jury trial and not plead guilty. Because of the forgoing reasons, Movant's plea was not made voluntary and made without the understanding of the nature of the consequences of said plea. This violated Movant's right to due process of law, equal protection of the law and denial of effective assistance of counsel as afforded to him pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, sections 10 and 18(a) of the State of Missouri Constitution.
>
> . . .
>
> *Ineffectiveness of Counsel>*
> The only reason why I made my First Form # 40 out. For Broken plea agreement. Is because Lisa M. Stroup told me on the 23rd day of Sept. 1996, that I would be returning back to Illinois Dept. of Corr. After I took the time in Front of the Honorable Larry L. Kendrick., that I would return back to Illinois Dept. of Corr. She also <Lisa M. Stroup> stated to me <Raymond Cross>., If I have any problems with my case. To get in contact with her <Lisa M. Stroup> about any problem with in my case. I have, Due too this problem with my time. But she <Lisa M. Stroud> plays as if there is no problem at hand. But now I have Found out this is called *Ineffectiveness of Counsel>*.

■ We interpret the above quoted language as alleging that movant's counsel rendered ineffective assistance by telling him he would return to Illinois to serve his sentence and further that he only pleaded guilty based on his understanding "relayed" by counsel. Portions of the quoted language are not models of clarity but the claims can be deciphered. Remand to the motion court is unnecessary, however, where review of the merits of movant's claim reveals that he is entitled to no relief as a matter of law. *Reynolds,* 994 S.W.2d at 946.

Movant does not challenge in the present appeal the court's denial of the two claims in the amended motion that the plea bargain was breached and he mistakenly believed he would serve the sentences from Illinois and Missouri concurrently. Movant does contend that his claim in the pro se motion that counsel's "misleading statements" that he would return to Illinois is distinct from his first two claims in the amended motion. Review of the allegations quoted above, however, fails to reveal any allegation of prejudice from having to serve his sentence in Missouri as opposed to Illinois. We do not find that movant's allegation of being informed by counsel that he would serve his sentence in Illinois is by itself sufficient to demonstrate prejudice. Accordingly, movant was not entitled to an evidentiary hearing.

The judgment is affirmed.

AHRENS, P.J. and JAMES R. DOWD, J., Concur.