**Samuel Lee ARNOLD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60156.**

Missouri Court of Appeals,
Western District.

March 12, 2002.

John M. Schilmoeller, Assistant Public Defender, Kansas City, Mo, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Samuel Lee Arnold appeals from the motion court's judgment denying his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

## Background

On May 18, 1999, Mr. Arnold pled guilty to one count of robbery in the first degree, section 569.020,[2] and one count of armed criminal action (ACA), section 571.015. Pursuant to their plea agreement, the prosecutor recommended a sentence of twenty years imprisonment for robbery and three years imprisonment for ACA, to run concurrently with each other and concurrently with Mr. Arnold's sentence previously imposed by the District Court of Wyandotte County, Kansas.[3] The plea court sentenced Mr. Arnold in accordance with the plea agreement. Mr. Arnold was delivered to the custody of the Missouri Department of Corrections the following day.

On July 18, 1999, Mr. Arnold filed his *pro se* Rule 24.035 motion. The motion court appointed counsel, who filed an amended Rule 24.035 motion. The amended motion alleged, among other things, that Mr. Arnold's guilty plea was invalid because he pled guilty with the understanding that his sentence imposed therein would run concurrently with his previously imposed Kansas sentence. However, he is not receiving any credit toward his Kansas sentence while incarcerated in Missouri. Mr. Arnold also argued that his plea counsel was ineffective in erroneously advising him of the consequences of his plea.

On May 18, 2001, the motion court denied relief without an evidentiary hearing. In its findings of fact and conclusions of law, the motion court found that the prosecutor had made the agreed-upon recommendation and the plea court had sentenced Mr. Arnold in accordance with the plea agreement. The motion court further concluded:

> It appears that [Mr. Arnold's] actual claim is that the Department of Corrections is not punishing him in conformity with the court's sentence. Such a claim is not cognizable in a motion for post-conviction relief. A motion for post-conviction relief is an inappropriate remedy to compel public officials to implement sentences.

(Citations omitted.) This appeal follows.

## Discussion

■■■ Our review of Rule 24.035 post-conviction motions is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *McNeal v. State,* 910

---

1. Rule references are to the Missouri Rules of Criminal Procedure (1999).

2. Statutory references are to RSMo 1994.

3. Section 558.026.3 allows that "[a] court may cause any sentence it imposes to run concurrently with a sentence an individual is serving or is to serve in another state or in a federal correctional center" and that such sentences may be served in the other state. Kansas has a similar statute at Kan. Stat. Ann. § 21–4608(h) (1995).

S.W.2d 767, 769 (Mo.App. E.D.1995). The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes that the motion court has made a mistake. *Id.* Mr. Arnold also complains that he was improperly denied an evidentiary hearing. In order to be entitled to an evidentiary hearing, Mr. Arnold must have alleged facts, not conclusions, which, if true, would warrant relief; the record and files in the case must not refute these allegations; and Mr. Arnold must have been prejudiced by the matters complained of. *Id.*

Mr. Arnold's claim on appeal asserts a misunderstanding regarding his sentence. As explained in *McNeal:*

> When a defendant claims to have pleaded guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief. Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable.

*Id.* (Citations omitted.)

■■■ As conceded by the State on appeal, *McNeal* is indistinguishable from the case now before us. *See also Cross v. State,* 970 S.W.2d 840, 842–43 (Mo.App. E.D.1998), *overruled on other grounds by Reynolds v. State,* 994 S.W.2d 944 (Mo. banc 1999). Both *McNeal* and *Cross* involved defendants who pled guilty according to plea agreements providing that the sentences would run concurrently to sentences imposed in other jurisdictions, which condition they alleged did not occur. In both cases, the Eastern District held that the defendants were entitled to evidentiary hearings on their claims because the positive representations about their sentences being concurrent, on which the defendants asserted they relied, were explicit parts of their plea bargains. Those allegations, if true, would establish that the portion of their sentences allowing for service concurrent to other sentences in other jurisdictions were unenforced and unenforceable. *McNeal,* 910 S.W.2d at 769 (citing at n. 2, *State ex rel. Nixon v. Campbell,* 906 S.W.2d 369, 372 (Mo. banc 1995) (discussing the fact that plea agreements offered as inducement or consideration for a plea must be fulfilled, so, if specific performance of such agreement becomes practically impossible, a defendant should be given the opportunity to withdraw his guilty plea)); *see also Cross,* 970 S.W.2d at 843.

### Conclusion

We find that Mr. Arnold is likewise entitled to an evidentiary hearing on his claim, so the motion court clearly erred in overruling Mr. Arnold's Rule 24.035 motion without an evidentiary hearing. Thus, we reverse the motion court's judgment and remand for an evidentiary hearing on his claim that he is not receiving credit on his Kansas sentence thereby rendering his plea involuntary.[4]

ELLIS, P.J., and EDWIN H. SMITH, J., concur.

---

4. We need not address Mr. Arnold's ineffective assistance of counsel claim because the motion court on remand may address that issue, which also relates to the plea bargain. *Cross,* 970 S.W.2d at 843.